UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 13, 2006[1]
Decided December 18, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-4028

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Southern |
| | District of Illinois |
| *v.* | |
| | No. 4:04CR40015-004-JPG |
| MICHAEL L. REED, | |
| *Defendant-Appellant*. | J. Phil Gilbert, *Judge* |

**ORDER**

Michael Reed pleaded guilty to conspiracy to manufacture methamphetamine.  The district court added a 2-level enhancement to his offense level for using a minor in committing the offense and sentenced him to 96 months imprisonment, close to the middle of Reed's advisory guidelines range.  Reed challenges the 2-level increase, claiming that the district court improperly credited the testimony of a police detective over the conflicting testimony of a defense witness.

---

[1]  This case was scheduled for oral argument on December 13, 2006.  After examining the briefs and the record, however, we concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Reed was arrested after police linked him to the production and distribution of methamphetamine in southern Illinois. During the investigation, detectives Michael Ryan and Ryan Sykes interviewed Travis Bramlett, who was in police custody for possession of drug paraphernalia at the time. Detective Ryan prepared a report of the interview. According to Ryan's account of the interview, Bramlett told the detectives that, one year earlier when he was 16, Reed had given him "filters used in the production of methamphetamine." Based on this information, the probation officer, in preparing a presentence report (PSR) recommended a 2-level increase under § 3B1.4 of the guidelines for using a minor in his methamphetamine conspiracy. Reed objected because the government's evidence about involving Bramlett, in his opinion, was not credible. The defense submitted an affidavit from Bramlett saying he never received any filters from Reed. He denied telling detectives that he did. Detectives Sykes and Ryan then visited Bramlett and asked him about the inconsistencies between their account of the interview and his affidavit; Bramlett stood by his affidavit.

At sentencing, Bramlett testified that he had known Reed since he was "in diapers" and that Reed was like an uncle. Bramlett insisted that he didn't know "exactly what" he was saying to the detectives during the first interview because they were "slamming their hands down, threatening me, and I wasn't even on my medicine." When asked if he told the detectives that Reed had given him filters, Bramlett answered, "I'm sure I didn't say that." Detective Sykes testified, however, that indeed Bramlett had said he got filters from Reed. The district court, after evaluating Bramlett's "testimony and his demeanor on the stand," found him not to be credible. Instead, the judge accepted Detective Sykes' account of the first interview with Bramlett.

Reed's only contention on appeal is that the district court should have credited Bramlett over Sykes since Bramlett denied under oath that Reed gave him filters. We review the district court's factual findings at sentencing--and whether Reed gave Bramlett filters is a factual finding --only for clear error, *United States v. Brazinskas*, 458 F.3d 666, 667 (7th Cir. 2006). And determinations of witness credibility will "virtually never" meet that standard because of the deference owed to the district court's live witness assessments*, see United States v. Ortiz*, 431 F.3d 1035, 1039 (7th Cir. 2005) (internal quotation marks and citation omitted). Here, Reed provides no reason to overturn the factual finding, which was based solely on the district court's credibility determination.

One final matter. On March 7, 2006, we issued an order denying a motion filed by Illinois attorney Rex G. Burke to withdraw as counsel for Reed on this appeal. In that same order, we appointed Burke to represent Reed pursuant to the Criminal Justice Act. At the time, we did not know that Burke was not admitted to practice in this court. On December 8, 2006, Burke filed an application for admission to practice in which he indicated that he received a prior form of discipline--a 30-day suspension in 2002 by the Supreme Court of Illinois. In part of the report recommending the 30-day suspension, the Illinois Bar disciplinary hearing board wrote:

> There is considerable mitigation in this case, as candidly pointed
> out by the Administrator.  There was no evidence that the
> Respondent acted with a dishonest or self-serving motive, that he
> intended to act contrary to the interests of his clients, or that he
> made any misrepresentations to his clients.  The Respondent did
> provide some services to his clients.  Additionally, the Respondent
> admitted most of the facts upon which the disciplinary complaint
> was based and he accepted responsibility for the misconduct.
> Finally, the Respondent testified that he has taken some corrective
> action to better organize his files and other records and to
> communicate with clients.

Because attorney Burke's 30-day suspension appears to be the only blemish on his record in more than 31 years of practice, and because he is now admitted to practice law in Illinois, we grant his application for admission to practice in this court.

Accordingly, we AFFIRM the judgment of the district court.